IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01220-BNB

ZuQUETE ZUMAR HARRIS,

    Plaintiff,

v.

LIEUTENANT VANMETTER,
CAPTAIN LITTLE,
MAJOR NYCZ,
LIEUTENANT LAWSON,
SERGEANT NICKELS,
CASE MANAGER RYAN M. LONG,
GANG COORDINATOR LITTLE, and
CAPTAIN B. K. WHITNEY,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, ZuQuete Zumar Harris, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Harris has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution were violated while he was incarcerated at the Sterling Correctional Facility in 2010.

    The court has reviewed the Prisoner Complaint and finds that it is deficient because, although Mr. Harris lists eight Defendants in the caption of the Prisoner Complaint, he lists nine individuals as Defendants in the body of the Prisoner Complaint, and he asserts claims against nine individuals in the Prisoner Complaint. The Defendant listed in the body of the Prisoner Complaint who is not listed in the caption of

the Prisoner Complaint is Captain Mischiara.  Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Therefore, to avoid any confusion regarding who is a proper party in this action, Mr. Harris will be ordered to file an amended complaint that identifies all of the parties in the caption.

Mr. Harris also is advised that his amended Prisoner Complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order to state a claim in federal court, Mr. Harris "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Harris file, **within thirty (30) days from the date of this**

**order**, an amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Harris shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Harris fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 20, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge