IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01220-BNB

ZuQUETE ZUMAR HARRIS,

    Plaintiff,

v.

LIEUTENANT VANMETTER,
CAPTAIN LITTLE,
MAJOR NYCZ,
LIEUTENANT LAWSON,
SERGEANT NICKELS,
CASE MANAGER RYAN M. LONG,
GANG COORDINATOR LITTLE, and
CAPTAIN B. K. WHITNEY,

    Defendants.

ORDER

This matter is before the court on an unsigned letter to the court (ECF No. 12) from Plaintiff, ZuQuete Zumar Harris, that was filed on August 22, 2012. Mr. Harris states in the letter that he does not understand what he is required to do in response to court orders directing him to file an amended pleading in this action. Mr. Harris also asks the court to direct prison authorities to provide him with adequate legal assistance or to appoint counsel to represent him in this action.

The court notes initially that Mr. Harris may not include requests for court orders in letters to the court because any request for a court order must comply with Rule 7 of the Federal Rules of Civil Procedure. Pursuant to Rule 7(b)(1), "[a] request for a court order must be made by motion." Furthermore, "[t]he rules governing captions and

other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). The court will not consider any requests for court orders Mr. Harris may make in the future that do not comply with Rule 7. Furthermore, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a).

With respect to the court orders directing Mr. Harris to file an amended pleading, Mr. Harris is advised that he must file an amended pleading that clarifies who he is suing and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as directed in the court's Order Directing Plaintiff to File Amended Complaint (ECF No. 9) filed on June 20, 2012. Furthermore, Mr. Harris must use the entire court-approved Prisoner Complaint form to file his amended pleading as directed in the court's Minute Order (ECF No. 11) filed on July 20, 2012. One reason Mr. Harris must use the entire court-approved Prisoner Complaint form to file his amended pleading is that an amended complaint supersedes the original complaint "and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Although Mr. Harris indicates that he needs assistance to comply with the court's orders, the court is not persuaded that Mr. Harris is unable to prepare and file a proper amended pleading as directed. The court bases this conclusion on the fact that, in his original Prisoner Complaint (ECF No. 1), Mr. Harris included specific claims for relief

and specific factual allegations in support of the claims being asserted.   Although the claims in the original Prisoner Complaint were somewhat repetitive, the primary deficiency identified by the court with respect to the original Prisoner Complaint was confusion regarding specifically who is being sued in this action.   There is no indication that Mr. Harris requires legal assistance to properly identify each Defendant in the caption of an amended pleading as directed or to assert specific claims for relief against each named Defendant that identify what each Defendant did that allegedly violated Mr. Harris' rights.   Therefore, the request for a court order directing prison authorities to provide legal assistance or for appointment of counsel will be denied.

In order to assist Mr. Harris in preparing the amended pleading he must file if he wishes to pursue his claims in this action, he is advised again that he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).

Finally, the court notes that Mr. Harris has not complied with a court order directing him to make filing fee payments.   On June 19, 2012, Mr. Harris was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(b)(1) and (2), Mr. Harris was directed to pay the entire $350.00 filing fee in monthly installments.   Mr. Harris was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make a monthly payment.   In order to show cause, Mr. Harris was directed to file a current certified copy of his inmate trust fund account statement.   Mr. Harris

was warned that a failure to comply with the requirements of § 1915(b)(2) could result in the dismissal of this action without further notice.

Mr. Harris has failed to make any monthly filing fee payments in this action or to show cause why he is unable to make the required monthly filing fee payments. Therefore, Mr. Harris will be ordered to show cause why this action should not be dismissed for failure to comply with the court's June 19 order and the requirements of § 1915(b)(2). In order to show good cause, Mr. Harris must submit a certified copy of his inmate trust fund account statement for the period from June through August 2012 and, if he was required to make a filing fee payment in any of those months, he also must make the required monthly filing fee payments. Accordingly, it is

ORDERED that Mr. Harris file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint as previously directed. It is

FURTHER ORDERED that Mr. Harris shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that Mr. Harris show cause, **within thirty (30) days from the date of this order**, why this action should not be dismissed for failure to make monthly filing fee payments. It is

FURTHER ORDERED that, if Mr. Harris fails within the time allowed either to file a second amended Prisoner Complaint that complies with the court's orders or to show cause why this action should not be dismissed for failure to make monthly filing fee payments, the action will be dismissed without further notice.

DATED at Denver, Colorado, on August 24, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge